**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brienna Chamberlain,<br><br>            Plaintiff,<br><br>vs.<br><br>James Neumann, et al.,<br><br>            Defendants. | No. CV-19-01144-PHX-SPL<br><br>**ORDER** |

Plaintiff Brienna Chamberlain (the "Plaintiff") initiated this action against James Neumann ("Neumann"), Shout Outdoor Media LLC ("SOM"), Glass Half Full LLC ("GHF"), and other unidentified defendants, alleging causes of action for assault and battery, among other claims. (Doc. 1-3) Neumann, SOM, and GHF (collectively, the "Defendants") have moved to dismiss some of the Plaintiff's claims (the "Motion"), arguing that (i) GHF is an improper defendant in this case, and (ii) the Plaitniff's negligence and negligence per se claims are preempted by Arizona's workers' compensation statutes. (Doc. 6) The Court's ruling is as follows.

**I. Background**

In 2014, the Plaintiff started her employment at a bar that was owned by GHF. (Doc. 1-3 at 28–29) Neumann owned GHF, and he soon promoted the Plaintiff to work as a sales/public relations manager for GHF. (Doc. 1-3 at 29) The Plaintiff makes several allegations that Neumann has a reputation for sexually harassing his female employees,

and the Plaintiff states that Neumann has made several inappropriate comments and advances towards her. (Doc. 1-3 at 30) While working for GHF, the Plaintiff was responsible for working with SOM, which is a holding company of GHF. (Doc. 1-3 at 29) It is the Court's understanding that Neumann transferred the Plaintiff's employment from GHF to SOM in August 2016. (Doc. 1-3 at 29; Doc. 6 at 3)

In September 2016, the Plaintiff alleges that Neumann invited her on a business trip to Las Vegas, Nevada. (Doc. 1-3 at 31) The business trip took place from October 1-2, 2016. (Doc. 1-3 at 31) The Plaintiff states that during the course of that business trip, she visited casinos, bars, restaurants and strip clubs at Neumann's request. (Doc. 1-3 at 31–37) The Plaintiff alleges that Neumann sexually assaulted her during that business trip to Las Vegas, Nevada. (Doc. 1-3 at 34) The Plaintiff initiated this action in the Maricopa County Superior Court, and the case was removed to this Court on February 19, 2019. In the complaint before the Court (the "First Amended Complaint"), the Plaintiff alleges causes of action for (i) assault and battery, (ii) negligence, (iii) negligence per se, (iv) intentional infliction of emotional distress, (v) invasion of privacy, (vi) hostile work environment, and (vii) retaliation. (Doc. 1-3 at 39–46)

**II.     Legal Standard**

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Court may dismiss a complaint for failure to state a claim under Federal Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, and (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court must "accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). In

comparison, "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" are not entitled to the assumption of truth, and "are insufficient to defeat a motion to dismiss for failure to state a claim." *Id.*; *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). A plaintiff need not prove the case on the pleadings to survive a motion to dismiss. *OSU Student All. v. Ray*, 699 F.3d 1053, 1078 (9th Cir. 2012).

**III. Analysis**

The Defendants seek dismissal of (i) all claims against GHF and (ii) the Plaintiff's negligence and negligence per se claims against all defendants. (Doc. 6 at 1) The Plaintiff stipulates to the dismissal of her negligence and negligence per se claims against Neumann and SOM. (Doc. 9 at 1) Accordingly, the Court moves forward with addressing (i) the dismissal of all claims against GHF, and (ii) the dismissal of the Plaintiff's negligence and negligence per se claims against GHF and the remaining unidentified defendants.

A. Plaintiff's Claims Against GHF

The Defendants argue that GHF is an improper defendant in this case because GHF was not the Plaintiff's employer at the time of her alleged sexual assault. (Doc. 6 at 3) Specifically, the Defendants argue that the Plaintiff worked at GHF until some point in August 2016, when her employment was transferred to SOM. (Doc. 6 at 3; Doc. 9 at 2) The Plaintiff's assault allegedly took place in October 2016 after her transfer to SOM. (Doc. 1-3 at 31) In response, the Plaintiff argues that GHF is vicariously liable on her tort claims under the theory of respondeat superior. (Doc. 1-3 at 25) Specifically, the Plaintiff argues that SOF and GHF are so closely connected that the Plaintiff was considered an employee of both companies at the time of the alleged assault. (Doc. 1-3 at 29) The Plaintiff also argues that her employment status with GHF at the time of the alleged assault has no bearing on her common law tort claims and that she stated a viable Title VII claim against GHF for a hostile work environment. (Doc. 9 at 6)

The issue before the Court is whether GHF can be held vicariously liable for the alleged actions of Neumann under the theory of respondeat superior. It is well settled that an employer is vicariously liable for the negligent or tortious acts of its employee acting

within the scope and course of employment. *Baker ex rel. Hall Brake Supply, Inc. v. Stewart Title & Tr. of Phoenix, Inc.*, 197 Ariz. 535, 540 (Ct. App. 2000); *Engler v. Gulf Interstate Eng'g, Inc.*, 227 Ariz. 486 (Ariz. Ct. App. 2011). In Arizona, the conduct of a servant is within the scope of employment if it is of the kind the employee is employed to perform, it occurs substantially within the authorized time and space limit, and it is actuated at least in part by a purpose to serve the master. *Smith v. Am. Exp. Travel Related Servs. Co.*, 179 Ariz. 131, 135 (Ct. App. 1994); *Carnes v. Phoenix Newspapers, Inc.*, 227 Ariz. 32, 35 (Ct. App. 2011). "For an employer to be held vicariously liable for an employee's negligent acts, the employee must be (1) subject to the employer's control or right of control, and (2) acting in furtherance of the employer's business." *Engler*, 227 Ariz. at 491 (citing *Robarge v. Bechtel Power Corp.*, 131 Ariz. 280 (Ariz. Ct. App. 1982)); *Ortiz v. Clinton*, 928 P.2d 718, 723 (Ariz. Ct. App. 1996) (stating that "[a] wrongful act committed by an employee while acting in his employer's business does not take the employee out of the scope of employment, even if the employer has expressly forbidden the act.").

Taking the facts in the light most favorable to the Plaintiff, the Court finds that GHF cannot be held vicariously liable for the acts of Neumann. In the First Amended Complaint, the Plaintiff fails to plausibly identify how Neumann's conduct and the Plaintiff's resulting assault could have possibly been committed in furtherance of GHF's business interests. While the Plaintiff makes many conclusory allegations about Neumann's previous incidents of inappropriate behavior, the Plaintiff does not set forth any persuasive allegations that Neumann's inappropriate conduct or the Plaintiff's alleged assault falls within the scope of his employment or that the inappropriate conduct furthers Neumann's employers' business interests. The Plaintiff's argument that Neumann was on a business trip within the scope of his employment does not meet the standard of demonstrating that his inappropriate behavior was within the scope of his employment.

Furthermore, Arizona courts have found that, as a matter of law, an employee's sexual harassment of another employee is not within the scope of employment. *Smith v. Am. Exp. Travel Related Servs. Co.*, 179 Ariz. 131, 136 (Ct. App. 1994). The Plaintiff's

argument that the business trip itself was within the scope of Neumann's employment is insufficient to demonstrate that GHF should be held liable for the alleged sexual assault that took place during an employer-sanctioned trip. Neumann's sexually harassing conduct and alleged sexual assault of the Plaintiff were not expressly or impliedly authorized as part of his job duties and cannot be reasonably contemplated as necessary or incidental to his employment. His alleged tortious actions were committed solely to further his personal interests. If anything, the Plaintiff has demonstrated that Neumann's alleged inappropriate conduct has only hurt his employers through a lawsuit resulting in a million-dollar verdict. (Doc. 1-3 at 27)

The Plaintiff's argument that Neumann's visits to restaurants and bars during the course of the business trip bring his inappropriate conduct within the scope of employment is an unreasonable inference. If the Court were to follow the Plaintiff's logic, any actions that Neumann takes while visiting a restaurant, bar, or adult entertainment establishment, whether during business hours or in his private life, could subject Neumann's employer to liability. The Court declines to make such a sweeping attribution of liability at this time. Accordingly, the Court finds that all of the Plaintiff's common law tort claims against GHF must be dismissed.

Separately, it is clear on the face of the First Amended Complaint that the Plaintiff is claiming that she was subject to a hostile work environment during her employment with both GHF and SOM. However, it is well settled that a plaintiff must file a timely charge of discrimination with the Equal Employment Opportunity Commission before the plaintiff can file a Title VII civil action. *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 383 (9th Cir. 1997). The Defendants point out that the Plaintiff's Charge of Discrimination does not cite GHF as her employer. (Doc. 6-1 at 2) Furthermore, the Court notes that the Plaintiff does not set forth any allegations in the First Amended Complaint stating that the Plaintiff exhausted all administrative remedies or filed a Charge of Discrimination against GHF. Accordingly, the Motion will be granted as to the Plaintiff's hostile work environment claim against GHF.

### B. Negligence Claims Against GHF and Remaining Defendants

In the First Amended Complaint, the Plaintiff asserts negligence and negligence per se claims against all defendants. In her response to the Motion, the Plaintiff stipulates to the dismissal of the negligence claims against Neumann and SOM. (Doc. 9 at 1) The Court will grant the Motion on the Plaintiff's negligence and negligence per se claims against GHF, finding, as above, that GHF cannot be held vicariously liable for Neumann's actions. Furthermore, the Court finds that the Plaintiff has failed to state plausible claims against the remaining unidentified defendants, as there are no allegations against the remaining unidentified defendants that pertain to the Plaintiff's negligence or negligence per se claims.

### C. Plaintiff's Motion for Leave to Amend

Alongside her response to the Motion, the Plaintiff moves for leave to amend the First Amended Complaint. The Plaintiff does not cite any rules or provide any legal support or argument in support of this motion, but the Plaintiff attached an exhibit identifying her proposed changes to her proposed second amended complaint. (Doc. 9-1) After reviewing the Plaintiff's second amended complaint, the Court finds that the proposed complaint fails to cure any of the faults resulting in the dismissal of the Plaintiff's claims against GHF. *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (stating that the Court does not abuse its discretion in denying leave to amend where the amendment would be futile).

///
///
///
///
///
///
///
///

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Partial Dismissal (Doc. 6) is **granted** in its entirety; and

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to amend the First Amended Complaint is **denied**.

Dated this 27th day of June, 2019.

Honorable Steven P. Logan
United States District Judge